IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD J. GRIEGO,

      Plaintiff,

vs.                                                                               No. CIV 12-0528 JB/LAM

GREGG MARCANTEL, JANECKA,
E. BRAVO, Warden, Guadalupe County
Correctional Facility, and R. ULIBARRI,
Deputy Warden, Guadalupe County Correctional
Facility,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Second Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 9, 2012 (Doc. 12)("Second Amended Complaint"). Plaintiff Richard J. Griego is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will dismiss certain of Griego's claims and allow an amended complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing Griego's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In an original and several amended complaints, see Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 16, 2012 (Doc. 1)("Complaint"); Supplement to Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 16, 2012 (Doc. 2)("Supplement"); First Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 9, 2012 (Doc. 11)("First Amended Complaint"); and Second Amended Complaint, Griego presents claims of medical mistreatment and disciplinary violations.  The Court construes these pleadings together as the complaint in this action. Griego names the New Mexico Corrections Secretary, two wardens, and a deputy warden as Defendants.  The Complaint asserts a claim of denial of medical treatment.  Griego alleges that he suffered "life altering or life threatening" circumstances, and officials did not take his concerns seriously.  In his Supplement, Griego asserts an additional claim for denial of his grievances of the medical deprivations.  In the First Amended Complaint, he alleges that officers falsely accused him of assault, resulting in disciplinary charges and unlawful segregation.

In his Second Amended Complaint, Griego repeats the allegations of false charges and disciplinary punishment.  He also alleges that disciplinary officials denied him the use of security-camera evidence in the proceedings.  Griego contends that Defendants' actions violated a number of his constitutional protections.  The complaint seeks damages and equitable relief, including "correction of illegal sentence while in confinement," Complaint at 5; "acknowledgement of medical concern," Supplement at 5; a "thorough investigation," First Amended Complaint at 5; and production of certain evidence, release from segregation, and "a full review of institutional condition of confinement and correction of misconduct report," Second Amended Complaint at 5.

One of the "core" concerns of the Eighth Amendment to the United States Constitution is inmate access to necessary medical care. See Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980). To articulate an Eighth Amendment cause of action premised on deliberate indifference to his serious medical needs, Griego must allege that the pain or deprivation he suffered was sufficiently serious, see Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991), and that a defendant acted with a sufficiently culpable state of mind, see Farmer v. Brennan, 511 U.S. 825, 847 (1994). Griego fails to allege either element. Nowhere do his Complaints allege the nature or seriousness of Griego's medical needs. In the Supplement, he states that "medical indiference [sic] occured [sic] being mentaly [sic] abused & harrassed from neglect," and he refers to grievances that he filed. Supplement at 2. In the Complaint, Griego refers to several individuals but makes no allegations of his condition or of actions or omissions by corrections officials. See Complaint at 1-5. "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(internal citations omitted). No relief is available against the named Defendants on Griego's claim of denial of medical treatment.

In his First and Second Amended Complaints, Griego contends that Defendants violated his constitutional rights in disciplinary proceedings. Specifically, he alleges that disciplinary officers convicted and punished Griego "for false accusations of assult [sic]." First Amended Complaint at 3. No relief is available on the allegation that charges against Plaintiff were based on false accusations. "[T]hese claims [of false disciplinary reports] failed to state a cognizable constitutional claim." Brown v. Cline, 319 F. App'x 704, 705 (10th Cir. 2009). See Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986)(holding that a prisoner's allegation that a guard "filed a false misbehavior report which initiated [a] procedurally flawed disciplinary hearing" did not state a claim for a

constitutional deprivation). The Court will dismiss Griego's claims based on allegedly false disciplinary reports. On the other hand, Griego also alleges that a disciplinary officer denied his "requests for . . . security camera evidence." Second Amended Complaint at 3. This allegation may state a claim for violation of procedural due process. See Godlock v. Fatkin, 84 F. App'x 24, 27-28 (10th Cir. 2003).

As part of both his medical and his disciplinary claims, Griego also asserts violations of his rights in grievance proceedings. "'[Griego] has not alleged how any failure in the grievance procedure has resulted in an actual violation of his constitutional rights. Even taken as true, [Griego]'s allegations do not state a deprivation of federal law, as there is no federal constitutional right to an institutional grievance procedure.'" Merryfield v. Jordan, 431 F. App'x 743, 749-50 (10th Cir. 2011)(quoting lower court with approval). "Because [Griego]'s only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)(citations omitted). To the extent Griego is attempting to assert claims based on denials of his grievances, the Court will dismiss these claims.

Last, none of Griego's allegations support claims against the named Defendants Gregg Marcantel (Corrections Secretary), Janecka (warden), E. Bravo (warden), and R. Ulibarri (deputy warden). Each of these Defendants is sued for dereliction of supervisory duties, but Griego makes no allegation that any of them were involved in the denial of medical care or the disciplinary proceedings. The Complaints thus contain no allegations against the Defendants affirmatively linking them to the asserted violations. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Griego must allege some personal

involvement by a defendant in the constitutional violation.  See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  A plaintiff may not base a civil rights action against a state official solely on a theory of respondeat superior liability for the actions of workers that the official supervised.  See Mitchell v. Maynard, 80 F.3d at 1441.  The Court will dismiss Griego's claims against the Defendants identified in the Complaints.  Failure to comply with this Order may result in dismissal of the complaint.

**IT IS THEREFORE ORDERED** that (i) Plaintiff Richard J. Griego's claims of false disciplinary reports and denial of grievances are dismissed; (ii) Griego's claims against the named Defendants Gregg Marcantel, Janecka, E. Bravo, and R. Ulibarri are dismissed; (ii) Marcantel, Janecka, Bravo, and Ulibarri are dismissed as parties to this action; and (iv) within fourteen (14) days from entry of this Order, Griego may file a third amended complaint, limited to specifically describing his medical condition and identifying the individuals responsible for the alleged denial of medical treatment and security camera evidence in disciplinary proceedings.

_____
UNITED STATES DISTRICT JUDGE

Parties:

Richard J. Griego
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

    *Plaintiff pro se*